## PRICE v. UNITED STATES. *
### No. 7502.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1934.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was charged and convicted of stealing 67 automatic pistols, property of the government, which were furnished by it to a company of National Guard for use in military service, and sentenced to imprisonment for seven years in the penitentiary.

He makes two assignments of error. The first is based on the refusal of the court to grant his motion for continuance. That motion presents nothing for our consideration, since it was not reduced to writing and its contents are not disclosed by the bill of exceptions. The other assignment of error claims that the sentence of imprisonment for seven years is excessive; the contention being that the conviction was upon an indictment charging a violation of 18 USCA § 100, and that the maximum sentence of imprisonment authorized by that section is five years. [2, 3] The indictment sets out all the elements of the offense denounced by 18 USCA § 87, which fixes the maximum imprisonment at ten years. Section 87 deals specially, among other things, with the larceny of arms furnished or to be used for the military or naval service, whereas section 100 provides punishment for the larceny of all kinds of personal property belonging to the United States. Both statutes, it is true, punish larceny, but the punishment provided in one denounces larceny of a particular kind of property specially; whereas the other relates not to the kind of property stolen, but to the offense of larceny generally. The particular is entitled to preference over the general statute. The intention of Congress evidently was to provide for a greater punishment for stealing military or naval equipment than for the general crime of larceny of property of the United States.

The judgment is affirmed.

*Rehearing denied Jan. 11, 1935. Writ of certiorari denied 55 S. Ct. 549, 79 L. Ed. ——.