**UNITED STATES v. MOORE et al.**

**Crim. No. 7433–M.**

United States District Court
S. D. Florida, Miami Division.

Jan. 10, 1951.

Fred Botts, Asst. U. S. Atty., Miami, Fla., for the Government.

Marion E. Sibley, Miami Beach, Fla., for the defendants.

WHITEHURST, District Judge.

This cause came on for hearing upon a motion to dismiss the indictment and each and every count thereof upon the ground that the facts therein recited and alleged do not set forth an offense against the United States under the provisions of former Section 80 of Title 18 U.S.C. (now 18 U.S.C.A. § 1001). After argument of counsel the Court finds and concludes as follows:

(a) The allegations in the indictment indicate that the defendants presented false

228

documents reflecting the wages and hours of employees and other conditions and practices of employment to the Wage and Hour Division of the Department of Labor pursuant to an investigation made as authorized by 29 U.S.C.A. § 211.

(b) The indictment is framed in the exact language of Section 80 of former Title 18 U.S.C., and the Government contends that Section 80 is solely applicable to the allegations of the indictment and that no prosecution is sought or is intended to be sought by the Government by this indictment under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. This contention is unsound.

(c) The allegations of said indictment fall squarely under the acts condemned as unlawful by 29 U.S.C.A. § 215(a) (5), the Fair Labor Standards Act, and the penalty pronounced and fixed by Section 216, subsection (a) of said act is the sole and exclusive penalty provided for the offense alleged in said indictment. Section 80 of former Title 18, U.S.C., is not, therefore, applicable.

(d) The principles enunciated in the case of United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 522, 85 L.Ed. 598, are not in point because in that case the "Hot Oil" Statute did not condemn the "presentation of false papers" as an unlawful act nor did it provide a penalty for such conduct. Further, the recited background and legislative history of the Amendment of 1934 to Section 80 of former Title 18 U.S.C., clearly indicates that such amendment was enacted as a complement to the "Hot Oil" legislation to denounce as unlawful and to afford a penalty for the "presentation of false papers" to the government agency to which reference is made in the "Hot Oil" legislation.

(e) In the case at bar the acts alleged in the indictment are condemned by the Fair Labor Standards Act and are alleged to have been engaged upon in pursuance of its provisions. This legislation dealing specially with this conduct prevails over the general legislation found in Section 80 of former Title 18, U.S.C. See U. S. v.

Gilliland, supra; Price v. U. S., 5 Cir., 74 F.2d 120; Shelton v. U. S., 83 U.S.App. D.C. 32, 165 F.2d 241. This prosecution therefore may proceed only under its provisions and is governed solely by penalties therein provided.

It is therefore considered, ordered and adjudged that the motion to dismiss the indictment be and the same is hereby overruled and denied.