Erwin Manget **ENZOR**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17165.

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1958.

Rehearing Denied Jan. 14, 1959.

Certiorari Denied March 30, 1959.

See 79 S.Ct. 740.

Wesley R. Asinof, William L. Gower, Atlanta, Ga., for appellant.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Erwin M. Enzor, and Albert A. Tucker were charged by indictment with conspiring unlawfully to sell narcotics. The indictment, by two other counts, charged the appellant and Tucker with making unlawful sales of narcotics. Tucker entered a plea of guilty to one of the substantive counts. Appellant was convicted of the conspiracy charge and was sentenced to four years imprisonment. He has appealed from the conviction. The sales were made to Avery Carroll, a sometime narcotic addict and an undercover employee of the Federal Bureau of Narcotics. Tucker acted as an intermediary between Carroll and the person furnishing the narcotics. This person was identified by Tucker as the appellant. Both Carroll and Tucker were witnesses for the Government as were Narcotics Agents Barber and Thomas and Detective Melton, of the Atlanta, Georgia, Police Department. During the investigation Agents Thomas and Barber tested and found properly operating a Schmidt device, or miniature radio transmitter, which they placed on Carroll. Carroll then entered the premises where Tucker lived. The agents listened in, over the Schmidt device receiver, to a conversation between Carroll and some other person. Carroll was told by the other person, supposed to be Tucker, that his connection had narcotics, the kinds of which were named, and for Carroll to contact him the following day. The agents were able to recognize and identify Carroll's voice as it came through the receiver. They did not identify the voice of the person in the building with whom Carroll was talking. The appellant asserts that it was prejudicial error to admit evidence of the conversation without identification of the person who made the statements to Carroll.

The appellant suggests that the same rule should be applicable here as in the case of telephone conversations and says that the rule is thus declared:

"An admission made in a telephone conversation may be proved, where the witness identified the speaker by his voice or otherwise, and there is no doubt as to the identity of the person who made the admission." 31 C.J.S. Evidence § 281, p. 1031.

Also relied upon by the appellant is the principle that:

"Unless otherwise objectionable, a telephone conversation between a witness and another person is admissible in any case in which a face to face conversation between a witness and another person would be admissible in evidence, provided that the identity of the person with whom the witness was speaking is satisfactorily established, but not otherwise." 31 C.J.S. Evidence § 188, p. 908.

It is not contended that the testimony of the narcotic agents would be inadmissible if the person with whom Carroll talked was identified as Tucker. Carroll testified that while he was wearing the device he did not talk with anyone except Tucker, the narcotics agents and a drunk person whom he didn't know. Both of the narcotic agents were listening in on the receiver of the device during the questioned conversation. The conversation as overheard was between

Carroll and someone known by him and by whom he was known. The drunken stranger was therefore not the person with whom Carroll conversed. Hence Tucker, by elimination of the others, is shown to be the person. The identity of Tucker as the person with whom Carroll was speaking is satisfactorily established and there is no doubt as to his identity.

The appellant's conviction was upon a count of the indictment which charged that he conspired with Tucker

"* * * to commit certain offenses against the laws of the United States pertaining to the sale, barter, exchange and giving away of narcotic drugs, by violating the following section of the United States Code, to wit:

"(a) To unlawfully, wilfully and knowingly sell, barter, exchange and give away narcotic drugs not in pursuance of a written order of the person to whom such drugs are sold, bartered, exchanged or given, in violation of Section 4705(a), Title 26 U.S.C.

"And your Grand Jurors further charged that * * * said defendant and co-conspirators * * * did commit numerous overt acts within the jurisdiction of this Court, among which are the following:

* ✔ * * * *

"And the Grand Jurors further charge that all of the overt acts herein alleged to have been committed were committed in furtherance of said wilful, unlawful, fraudulent and felonious conspiracy, combination, agreement, confederation and understanding, and to effect the objects and purposes of the same, in violation of Section 371, Title 18, U.S.C.A."

The substantive offense, which was the object of the conspiracy, is thus defined:

"It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate." 26 U.S.C.A. § 4705(a).

The specific statute relating to penalties for narcotics violations provides:

"Whoever commits an offense, or conspires to commit an offense, described in section 4705(a) or section 4742(a) shall be imprisoned not less than 5 or more than 20 years * * *." 26 U.S.C.A. § 7237(b) as amended 1956, 70 Stat. 568.

The general statute on criminal conspiracy is in this language:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both." 18 U.S.C.A. § 371.

■■ The Government urges that the conviction was of an offense under the specific statute notwithstanding a reference to the general statute in the indictment. As between two statutes punishing conspiracy, the particular statute is entitled to preference over the general statute. Masi v. United States, 5 Cir., 1955, 223 F.2d 132; Price v. United States, 5 Cir., 1934, 74 F.2d 120, certiorari denied 294 U.S. 720, 55 S.Ct. 549, 79 L.Ed. 1252, rehearing denied 295 U.S. 767, 55 S.Ct. 643, 79 L.Ed. 1708; Robinson v. United States, 8 Cir., 1944, 142 F.2d 431. The statute on which an indictment is founded is to be determined from the facts charged in the indictment, and the facts pleaded may bring the offense within one statute, although another statute is referred to in the indictment. Masi v. United States, supra; United States v. McKnight, 2 Cir., 1958, 253 F.2d 817. The indictment charged an offense under 26 U.S.C.A. § 7237(b), as amended, for which the minimum prison term is five years, one year more than fixed by the court's sentence.

Where, as here, an appeal has been taken from a conviction and sentence in a criminal case and the conviction is found to be free from error, the case may nevertheless be remanded for a proper sentence upon the suggestion of the United States Attorney. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; Barrow v. United States, 54 App.D.C. 128, 295 F. 949; Cook v. United States, 1 Cir., 1948, 171 F.2d 567, certiorari denied 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088; McQuaid v. United States, 1951, 90 U.S.App.D.C. 59, 193 F. 2d 696. See also Rule 35, Fed.Rules Crim.Proc., 18 U.S.C.A.; Beland v. United States, 5 Cir., 1942, 128 F.2d 795, certiorari denied 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543; Hayes v. United States, 1957, 102 U.S.App.D.C. 1, 249 F.2d 516, certiorari denied 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586.

It follows that the judgment will be reversed and the cause remanded with directions to the district court to enter a proper sentence in accordance with this opinion.

Reversed and remanded.