**PANAMA CANAL COMPANY,**
Appellant,

v.

**Spencer M. ANDERSON et al., and Arthur Morgan et al., Appellees.**

**No. 19116.**

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1963.

Rehearing Denied Feb. 11, 1963.

Theodore P. Daly, Dwight A. McKabney, David J. Markun, Gen. Counsel, Panama Canal Co., Balboa Heights, Canal Zone, for appellant.

William S. Tyson, Washington, D. C., Charles E. Ramirez, Balboa, Canal Zone, for appellees.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The Panama Railroad Company was incorporated in New York in 1849. From 1905 until 1949, when it was dissolved, all of its stock was owned by the United States. The appellant corporation, Panama Canal Company, herein generally referred to as the Company, was created by the Panama Canal Company Act which the Congress enacted in 1948 and which is now Sections 245 to 258 of the Canal Zone Code. The Company is the successor to the Panama Railroad Company. Its stock, like that of its predecessor, is wholly owned by the United States. The appellees, 171 in number, are or have been employees of the Company, working at hourly rates of pay aboard the dredges, tugs, launches and perhaps other floating equipment of the Company. These employees, for the most part, travel from some pick-up point in the neighborhood of their residence to a dock or landing. All of the appellee-employees are transported by the Company on its launches to the equipment where they are employed. The time of water-borne travel of the employees depends, of course, upon the distance from dock or landing to dredge or other equipment, and ranges from ten minutes to two hours. The employees are compensated at an hourly pay rate for weekly pay periods of forty hours with time and a half for overtime. The time for which wages are paid includes only that spent in the performance of the duties of the employees on the equipment to which they have been assigned. It does not include any time spent in traveling to or from the equipment over either water or land. The appellees brought suit in the District Court of the Canal Zone claiming that they were entitled to recover additional compensation for their travel time. The court held that the time spent in water-borne travel was compensable but the time spent in overland travel was not. The court, being anxious to avoid computing the additional wages of the multitude of plaintiffs in the event of error in its determination that water-borne travel time was work time for which wages were payable, certified the question to this Court under the statutory provision for interlocutory appeals. 28 U.S.C.A. § 1292(b).

The district court made a determination that the employee-appellees are subject to the so-called Thomas Amendment [1] and to Section 248 of Title 2, Canal Zone Code, as amended.[2] It was held that the

---

1. "The weekly compensation, minus any general percentage reduction which may be prescribed by Act of Congress, for the several trades and occupations, which is set by wage boards or other wage-fixing authorities, shall be re-established and maintained at rates not lower than necessary to restore the full weekly earnings of such employees in accordance with the full-time weekly earnings under the respective wage schedules in effect on June 1, 1932: Provided, That the regular hours of labor shall not be more than forty per week; and all overtime shall be compensated for at the rate of not less than time and one half." 5 U.S.C.A. § 673c.

2. "The corporation [Panama Canal Company] shall have and may exercise the fol-

lowing general powers, in addition to those elsewhere conferred in this article:

\* \* \* \* \*

"(e) May appoint such officers, agents, attorneys, and employees as may be necessary for the conduct of the business of the corporation, define their authority and duties, fix their compensation, delegate to them such of the powers of the corporation as may be necessary, require that such of them as it may designate be bonded, and fix the penalties and pay the premiums of such bonds. Persons employed by the corporation whose compensation is paid on any basis other than a per annum basis shall not be included in making computations pursuant to the provisions of section 607 [Repealed 64 Stat. 843] of

appellees are not subject to sections 102 (d),[3] 205,[4] or 606[5] of the Federal Employees Pay Act as amended.

The questions, as presented by the interlocutory appeal and as framed by the district court, are:

(a) Are the plaintiffs as a group, or are any of them individually, subject to section 23 of the Act of March 28, 1934, 48 Stat. 522, 5 U.S.C.A. § 673c?

(b) Does the time spent by plaintiffs in traveling by means of defendant's water-borne conveyances over the Panama Canal and contiguous waters (under the state of facts found by the district court in its opinion of April 26, 1961) constitute regular hours of labor within the meaning of Section 23 of the Act of March 28, 1934, 48 Stat. 522, 5 U.S.C.A. § 673c?

More briefly stated, the question which this Court has undertaken to answer is whether the Thomas Amendment requires that the appellees be paid for their over-water travel time as constituting regular hours of labor.

■■ The question presented is one of statutory construction. Where there are two or more statutes dealing with the same subject they are to be read in pari materia and harmonized, if possible. If there is any repugnancy between them the specific or particular statute will control over and supersede a general statute even though the general measure be more recently enacted. Sutherland, Statutory Construction 3rd Ed. 541, § 5204, 82 C.J.S. Statutes § 369, p. 839; Bulova Watch Company v. United States, 365 U.S. 753, 81 S.Ct. 864, 6 L.Ed.2d 72; Enzor v. United States, 5th Cir. 1959, 262 F.2d 172, cert. den. 359 U.S. 953, 79 S.Ct. 740, 3 L.Ed.2d 761; Price v. United States, 5th Cir. 1934, 74 F.2d 120, cert. den. 294 U.S. 720, 55 S.Ct. 549, 79 L.Ed. 1252, reh. den. 295 U.S. 767, 55 S.Ct. 643, 79 L.Ed. 1708. Section 606, 5 U.S.C.A. § 946, supra, is a specific statutory provision dealing with particular employee groups including vessel employees of the Panama Canal Company. If, as seems to be established, the appellees are vessel employees of the Panama Canal Company, and if, as seems also to have been established, it is not the wage practice in the maritime industry to compensate vessel employees for the time spent in over-water travel to and from the vessel on which they are employed, there is, in our opinion, a repugnancy between the specific terms of Section 606 and the gen-

---

the Federal Employees Pay Act of 1945. The provisions of section 82 of this title as amended, shall apply to the corporation and to its officers and employees." Canal Zone Code § 248, 48 Stat. 1122, 62 Stat. 1076, 64 Stat. 1041.

3. "This Act, except sections 606 and 607, shall not apply to employees of the Transportation Corps of the Army of the United States on vessels operated by the United States, to vessel employees of the Coast and Geodetic Survey, to vessel employees of the Department of the Interior, or to vessel employees of the Panama Railroad Company." 5 U.S.C.A. § 902(d).

4. "Employees whose basic rate of compensation is fixed on an annual or monthly basis and adjusted from time to time in accordance with prevailing rates by wage boards or similar administrative authority serving the same purpose shall be entitled to overtime pay in accordance with the provisions of section 23 of the Act of March 28, 1934 [5 U.S.C.A. § 673c]. The rate of compensation for each hour of overtime employment of any such employee shall be computed as follows:

"(a) If the basic rate of compensation of the employee is fixed on an annual basis, divide such basic rate of compensation by two thousand and eighty and multiply the quotient by one and one-half; and

"(b) If the basic rate of compensation of the employee is fixed on a monthly basis, multiply such basic rate of compensation by twelve to derive a basic annual rate of compensation, divide such basic annual rate of compensation by two thousand and eighty, and multiply the quotient by one and one-half." 5 U.S.C.A. § 913.

5. "Employees of the Transportation Corps of the Army of the United States on vessels operated by the United States, vessel employees of the Coast and Geodetic Survey, vessel employees of the Department of the Interior, and vessel employees of the Panama Canal Company, may be compensated in accordance with the wage practices of the maritime industry." 5 U.S.C.A. § 946.

eral provisions of the Thomas Amendment and the canons of construction give the precedence to the specific statute.

 The district court rejected the view that the specific legislation governed and, in its opinion, said:

"Prior to June 30, 1951 [when much of the functions and many of the employees of the Canal Zone government were taken over by the Panama Canal Company] plaintiffs were as has been stated, employees not of the 'Company' but of the unincorporated entity, the Panama Canal, and Congress in passing specific legislation [in 1945] for 'vessel employees' of the Company could not have had them in mind." 194 F. Supp. 765, 786.

To us it would appear that Congress, in enacting the specific provisions relating to vessel employees, would not have intended to require different wage treatment for employees doing identical work under the same circumstances and conditions dependent upon whether the particular workman had been hired before or after the vessel employee statute was enacted. The adherence to this view requires us to reject the construction placed upon the enactments by the district court.

The appellant urges that the appellees are not wage-board employees under the Thomas Amendment and hence are not entitled to its benefits. It contends that the Thomas Amendment is applicable only to employees of corporate agencies of the United States whose compensation is fixed on an annual or monthly basis and does not apply to such employees as the appellees who are paid by the hour. Even if the Thomas Amendment applies to the appellees, it is said by the appellant

that we must reverse the district court and sustain the administrative finding of the appellant that over-water travel time does not constitute hours of labor within the meaning of the Amendment. This, it says, follows because the administrative finding cannot be overturned in the absence of a finding of an abuse of discretion; and because, in any event, the travel to the job site is not contemplated or included within "hours of labor". Since we have decided that the district court's determination must be reversed upon a more basic and fundamental principle of statutory construction, these questions do not require our consideration.

The judgment of the district court is

Reversed.

RIVES, Circuit Judge (dissenting).

I have difficulty with the majority's easy classification of the Thomas Amendment as a "general measure" and Section 606, 5 U.S.C.A. § 946, as the controlling "specific or particular statute." To me that differentiation seems to depend on the subjective point of view as to which matter appears more important to each judge. True, Section 606 deals particularly with the compensation of "vessel employees of the Panama Canal Company." That, however, includes both those engaged in "the several trades and occupations" and also others, such as ship's doctors, professionals, administrative and clerical employees. On the other hand, the Thomas Amendment relates to the compensation of only those employees who are engaged in "the several trades and occupations." [1] Of more importance, the Thomas Amendment deals specifically with the subject of overtime for more than forty hours per week of regular

---

1. In Townsley v. United States, 101 Ct.Cl. 237, the U. S. Court of Claims held that employees of the Panama Canal employed on dredges were engaged in one of the "trades and occupations" within the meaning of the Thomas Amendment. The Supreme Court agreed in United States v. Townsley, 323 U.S. 557, 559, 65 S.Ct. 413, 414, 89 L.Ed. 454. Mr. Justice Roberts, speaking for the Court, with reference to the dredge employee in that case, stated:

"The Court of Claims held that he was engaged in one of the 'trades and occupations' whose compensation 'is set by wage boards or other wage-fixing authorities' covered by the Act. We think this conclusion is right and do not understand the petitioner now to contest it."

hours of labor, which can possibly be covered by Section 606 only by reference to one of "the wage practices of the maritime industry."

The classification of one statute as a "general measure" and the other as a "specific or particular statute" becomes unnecessary if we agree with the following reasoning of the able and careful district judge:

"* * * I find nothing repugnant in the application of both the Thomas Amendment and Section 102 (d) and 606 of the 1945 Pay Act to plaintiffs. In the first they are given an overtime guarantee that is general to all employees fitting the terms of the act and in the other they 'may' be compensated in accordance with wage practices of the maritime industry. It does not necessarily follow that an act setting up the right of defendant to follow a program of payment in accordance with that utilized at sea should deprive plaintiffs of the benefits of an over-all premium pay statute under which they qualify."

That reasoning seems sound and in accord with the cardinal rule against repeals by implication and in favor of giving effect to each of two statutes when that can reasonably be done. In dealing with problems much like that confronting us, the Sixth Circuit found no difficulty in reconciling the Eight-hour Law Amendment with the Fair Labor Standards Act,[2] and the Supreme Court held that the Walsh-Healey Act did not preclude the application of the Fair Labor Standards Act to employees under the same contract.[3] That the same principle is applicable to the present case is demonstrated by the district court's finding of fact No. 27:

"27. Defendant has acknowledged as hours of work and paid for travel performed by tugboat employees in its Navigation Division. During the past six or seven years more than 100 employees in defendant's Navigation Division have been paid for their travel time. The water-borne conveyances which transport Navigation Division employees during their travel are of the same type as those used by defendant to transport plaintiffs. The travel performed by the Navigation Division employees is similar, if not identical to that performed by other employees on defendant's floating equipment, including plaintiffs in its Dredging Division."

In other respects I agree with the able and thorough opinion of the district court, and must therefore respectfully dissent.

2. Walling v. Patton-Tulley Transportation Co., 6 Cir., 1943, 134 F.2d 945, 948.

3. Powell v. U. S. Cartridge Co., 1950, 339 U.S. 497, 519, 520, 70 S.Ct. 755, 94 L.Ed. 1017.