**UNITED STATES of America, Appellee,**

**v.**

**Virgil REDMOND et al., Appellants.**

**Nos. 75–1767, 75–1781 and 75–1782.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 21, 1976.

Decided Jan. 4, 1977.

Herbert W. DeLaney, Jr., Denver, Colo. (Richard J. Leedy, Salt Lake City, Utah, on the brief), for appellant, Virgil Redmond.

Sumner J. Hatch, Hatch, McRae & Richardson, Salt Lake City, Utah, for appellant, Carl Powers.

Walter R. Ellett, Murray, Utah, for appellant, Francis Lund.

Richard W. Beckler, Atty., Crim. Div., Dept. of Justice, Washington, D. C. (Ramon M. Child, U. S. Atty., Salt Lake City, Utah, and Ronnie L. Edelman, Atty., Crim. Div., Dept. of Justice, with him on the brief), for appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The defendants, Virgil Redmond, Carl Powers, and Francis Lund, together with a corporate defendant, were charged under 15 U.S.C. §§ 77q(a) and 77x with the use of the mails in the fraudulent sale of securities. The case was tried to a jury, and each defendant was found guilty on eight counts. The court sentenced the individual defend-

ants to a total of eighteen years. Each defendant was also fined $40,000.00.

The Government sought to prove that the defendants engaged in a scheme to defraud investors by selling stock following various mergers between Rio de Oro Mining Company and other corporations controlled by the defendants, or some of them. The Government also sought to show a scheme to defraud buyers of Rio de Oro stock by false representations as to a coal lease on Indian lands, as to coal reserves, and as to a power plant. These representations were made in an investment publication, Univest, and by taking potential investors to the mine location. The Government sought to prove that fraudulent representations and false publications were also made as to a joint venture between Rio de Oro and CMI, another corporation controlled by the defendants, as to gold and uranium mining and mineral reserves. As to the "sale" aspect of the Government's case, its witnesses testified as to distribution of stock by the defendants to nominees and the transfer of shares to persons in exchange for goods and services. The Government witnesses testified to the sale by the defendants of some 5.4 million shares of stock.

On this appeal the defendants raise several points as to pretrial events which will be first considered. They also urge as error a number of matters which concern what they consider to be an excessive participation by the trial judge in the questioning of witnesses, and as to statements made by the judge in the presence of the jury, which they assert exceeded proper comment. The defendants raise several other issues as to the admissibility of evidence, instructions, motions during trial, and the sentences received.

### I.

■ The defendants argue that the delay was excessive between the time the events took place, which serve as a basis for the charges, and the date of the indictment. Reliance is placed on *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468. The defendant Redmond acknowl-

edges that the Court in *Marion* did not directly decide the issue. The Court did however there hold that before consideration be given to preindictment delay, it must be shown to have been deliberately caused by the prosecution to gain a tactical advantage. We do not consider that the decision in *Marion* is here applicable in the absence of an indication that the delay was intentional. The issue is also without substance because the statements as to prejudice are conclusionary only. *See United States v. Hauff*, 395 F.2d 555 (7th Cir.). We considered the standards in *United States v. MacClain*, 501 F.2d 1006 (10th Cir.), and the showing here made does not meet the requirements therein stated.

### II.

■ The defendants also urge that they were denied a speedy trial. The standards are now well established and, of course, include prejudice to the defendant, and the length and reason for the delay. *Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56; *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *United States v. Latimer*, 511 F.2d 498 (10th Cir.); *United States v. Goeltz*, 513 F.2d 193 (10th Cir.); *United States v. Mackay*, 491 F.2d 616 (10th Cir.).

The period of time between the date of the indictment and trial was seventeen months. The principal cause of delay in the prosecution of the case came about from the necessity of starting extradition proceedings to return defendant Lund from Canada. He did return in January 1975, and his counsel entered his appearance in March. It was necessary that the codefendants be tried together and no other defendants then objected to the Lund delay. There was a delay of eight months thereafter. There were problems with a crowded calendar and illness of the judge; however, a substantial part of the delay arose from the pretrial motions filed by the defendants. Some thirty motions were considered, and this procedure caused much delay. These were extraordinary motions. There were no motions filed for a speedy trial

until the motion of defendant Redmond to dismiss. This was filed very shortly before trial.

The defendants assert as to particular facts causing prejudice that a witness had died before trial, and certain documentary material was not available because of the delay. However, there is no assertion that an attempt was made to obtain the corporate records, and the defendants were free on bond before trial. As to the deceased witness, the record shows that he died before the indictment was handed down.

We find no basis for the objection to lack of a speedy trial.

## III.

The defendants urge that the prosecution by special attorneys, and their appearance before the grand jury, was not authorized. The Attorney General through his delegate appointed the special prosecutors, and special experience was required. We find no basis for the objections raised to this use of special prosecutors under 28 U.S.C. § 515(a). *United States v. Katz,* 535 F.2d 593 (10th Cir.).

## IV.

The trial judge actively questioned the prospective jurors and excused a substantial number. He excused those with certain stockholdings, generally those employed by the Government, and any who were acquainted with any of the attorneys. These exclusions we cannot say were arbitrary or were excessive. They did not in any way result in a lack of a fair trial nor with a jury not impartial by destroying the initial selection under the Jury Selection Act. The trial judge acted with the discretion to be exercised in the jury selection procedure. *United States v. Porth,* 426 F.2d 519 (10th Cir.).

## V.

We have carefully examined the rulings on evidence complained of by the defendants, and we find no reversible error. The defendants complain also of the man-

ner in which the rulings were made, and the comment by the trial judge which accompanied the rulings. These comments will be considered hereinafter. These trial rulings include those as to the Government witness Litchfield, who was apparently excused. Defendants had expected to use him but had not subpoenaed him. The trial judge acted within his discretion in not delaying the trial to permit the defendant to obtain the presence of this witness. We also considered the hearsay testimony of a deceased witness which was offered and excluded, and found no error.

## VI.

The appellants urge as error the refusal of the trial court to grant motions for acquittal as to certain counts. This objection is basically an argument that there was not evidence that defendants were "sellers" or themselves sold some of the securities in question, or they were not "sellers" as to certain count transactions.

The record shows that the large number of shares, over eight million, which were issued following the merger of Rio de Oro with Midwest Petroleum Company and Tiger Oil Company went in large part to nominees who endorsed the certificates, and returned them to the defendants who disposed of them for their own accounts. There was also testimony that shares were issued to persons who sold them for the defendants for a percentage of the sales price.

Shares were also transferred or issued to individuals in exchange for goods and services. There is ample evidence to meet the statutory elements. The showing of the general scheme, with sales of stock generated by defendants, together with the use of the mails, is sufficient. *United States v. Mackay,* 491 F.2d 616 (10th Cir.).

The trial court considered the evidence in the standard applicable, and correctly refused the defendants' motions for judgment.

## VII.

The defendants further object to certain instructions given to the jury. They

first point out that the court gave all the instructions requested by the Government. This cannot be, of itself, a valid objection. Obviously if the instructions given are each correct and in all cover the issues tried, there can be no objection as to their source.

The court clearly instructed as to the use of the mails, and emphasized the need by the Government to show such use in furtherance of the scheme. *United States v. Mackay,* 491 F.2d 616 (10th Cir.)

■ The defendant Lund urges that he was only acting as attorney for Rio de Oro. The record shows however that his participation was an active one, and not as an attorney for the firm. This evidence was sufficient to warrant the refusal of the instructions he tendered as to mistake of law or fact by an attorney.

■ The defendant Redmond urges that the court should have given the instructions he requested on good faith and on withdrawal from the activities. The good faith defense was included in the general instructions given, and we must conclude that the matter was adequately covered. As to the fact that defendant Redmond was displaced as president of Rio de Oro, this did not provide a sufficient basis for an instruction that he had withdrawn. There was other evidence that his activity continued in a lesser capacity. We find no error in the refusal by the trial court as to the requested instructions. We must conclude that the defendants have shown no error in the instructions given or refused.

## VIII.

■ The defendants assert that at the time they made their closing arguments, they were not aware of the court's ruling on instructions. We do not find such a violation of Rule 30 of the Rules of Criminal Procedure as to warrant a reversal. There is no showing by the defendants that they made their closing arguments with any expectation that certain instructions would or would not be given. There is nothing in the record to demonstrate that a request was made for a ruling before argu-

ment. In short, there was an acquiescence in the trial court's delay which delay was contrary to Rule 30. The situation is thus not comparable to that presented to this court in *Delano v. Kitch,* 542 F.2d 550 (10th Cir.). *See also United States v. Cardall and Golden Rule Associates,* 550 F.2d 604 (10th Cir.) (Nos. 75–1768 and 75–1780); *United States v. Pommerening,* 500 F.2d 92 (10th Cir.); *Whitlock v. United States,* 429 F.2d 942 (10th Cir.); *Downie v. Powers,* 193 F.2d 760 (10th Cir.).

## IX.

The defendants refer to many places in the record where they assert that the participation of the trial judge in the examination of witnesses was excessive to a point that it interfered in their conduct of the trial. They also urge that in these same incidents, and by comments made when ruling on the admission of evidence, the trial judge disclosed his view that the defendants were guilty.

■ The record does show a very extensive questioning of witnesses by the trial judge, as in many instances the questions and answers extend over two to four pages of the transcript. The questions by the trial judge are directed to the development of a certain point. Also the questions serve to emphasize by repetition the testimony as to certain incidents or events. We have examined the places in the record referred to on this point by the several defendants and other portions of the record. These have been considered as to their cumulative effect on the trial, and together with the other points urged by the defendants. We find no reversible error.

The trial judge commented at several places during the four-day trial when he ruled on the admissibility of evidence. These comments, urged as error by defendants, and as adding to a cumulative unfairness, were within bounds in that they did in fact explain the ruling made. The comments, in most instances, refer to the participation in the scheme by the several defendants, and as to the admissibility of testimony referring to the acts of only a single

defendant. The explanation for the court's ruling was a variation on a conspiracy doctrine, which was proper. The rulings perhaps did not need the kind of explanation they received, but we find no error, either as to individual incidents or as to their cumulative effect on the fairness of the trial. The same conclusion must be reached as to the restrictions on the arguments and questioning of witnesses by the attorneys. *See United States v. Davis,* 442 F.2d 72 (10th Cir.); *Texaco, Inc. v. Chandler,* 354 F.2d 655 (10th Cir.).

We have recently considered in *United States v. Cardall and Golden Rule Associates,* 550 F.2d 604 (10th Cir.) (Nos. 75–1768 and 75–1780), similar arguments as to the fairness of a trial. That opinion also refers to *Whitlock v. United States,* 429 F.2d 942 (10th Cir.), and *United States v. Mackay,* 491 F.2d 616 (10th Cir.). The three cases referred to above also involve trials conducted by the trial judge who tried this case. We said in the *Golden Rule* case that the comments taken as a whole did not destroy the fairness of the trial. When the standards in the above cited cases are applied, we must say here that the case before us comes close to the line, but is still within permissible bounds.

## X.

■ The individual defendants were each sentenced, as described above, to a total of eighteen years on the several counts and each defendant was fined $40,-000.00. The defendants urge that the sentences are excessive, and show that the trial judge was prejudiced against them. We also considered the issue of excessive sentences in the *Golden Rule* case and the same conclusion must be reached here. The sentences are within the statutory limits and the Court of Appeals does not modify sentences. *See also United States v. Mackay,* 491 F.2d 616 (10th Cir.), and *United States v. Sierra,* 452 F.2d 291 (10th Cir.).

AFFIRMED.