**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Earl LARGO, Defendant-Appellant.**

No. 84–1696.

United States Court of Appeals,
Tenth Circuit.

Oct. 1, 1985.

Peter Schoenburg, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Presiliano A. Torrez, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., and Richard J. Smith, Asst. U.S. Atty., Albuquerque, N.M., on brief), for plaintiff-appellee.

Before BARRETT and McKAY, Circuit Judges, and CARRIGAN, District Judge.*

PER CURIAM.

Defendant was convicted of one misdemeanor and one felony charge of violating 18 U.S.C. § 641 (1982) by converting to his own use money belonging to the United States. The convictions arise out of the defendant's embezzlement of federal funds provided by the Bureau of Indian Affairs to an organization called the Shiprock Early Childhood Development Program (SECDP). Defendant was president of the Board of Trustees of SECDP and on several occasions wrote checks to himself from the SECDP account to pay his income taxes and other personal expenses.

Defendant makes three arguments on appeal. First he argues that the indictment should have been dismissed because he was prosecuted under 18 U.S.C. § 641 rather than under 25 U.S.C. § 450 (1982) when, in fact, he was accused of embezzling Indian Self-Determination and Education Assistance funds, an act which is made punishable by 25 U.S.C. § 450d. In effect, the defendant's argument is that he was improperly indicted and tried under a general statute when a specific statute had been enacted by Congress contemplating a lesser penalty for the specific felony that defendant committed. This issue is con-

* Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation.

trolled by this court's recent decision in *United States v. Afflerbach*, 754 F.2d 866 (10th Cir.1985).[1] In *Afflerbach* the argument was raised that the defendants could not be convicted of the crime of interfering with federal officers when their actual conduct was to interfere with IRS agents, a crime specifically made punishable under another statute mandating a lesser penalty. The court rejected this argument and affirmed the appellants' convictions under the general statute. Defendant's argument that he was indicted under the wrong statute is likewise rejected.[2]

■ Defendant's second argument is that the conviction is improper because the funds that he embezzled were not government funds at the time of the embezzlement. More background is necessary in order to understand the defendant's labyrinthine argument. The federal grant monies for the start-up of SECDP were a few weeks late in arriving; therefore, SECDP borrowed money from a local bank in order to begin operations on schedule. Collateral for the loan was the federal grant monies that had already been approved. The loan monies were deposited in Account No. 183, from which the defendant later drew his unauthorized checks. When the grant funds were received by SECDP, they were deposited into Account No. 194 and then transferred, the same day, to Account No. 183, thus repaying the loan to the bank. Defendant did not receive the unauthorized payments for which he was convicted until after this transfer of funds. Thus, at the time the defendant received the unauthorized payments from Account No. 183, all of the money in that account was directly traceable to the United States grant.

■ Defendant also argued that federal funds deposited into a bank account become the bank's property and therefore embezzlement of such funds cannot constitute a violation of the statutory prohibition against embezzlement of government funds. On appeal, he argues that the trial court erred in failing to instruct the jury on this theory of defense. The trial court did not err in refusing to instruct the jury on this theory, however, because a defendant is not entitled to instruction on a theory of defense that is not properly raised by the evidence or supported by the law. *United States v. Redmond*, 546 F.2d 1386 (10th Cir.1977), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1645, 56 L.Ed.2d 83 (1978); *Pacheco v. United States*, 367 F.2d 878 (10th Cir. 1966). It simply cannot be argued that federal grant money becomes nonfederal the minute it is deposited in the bank. The technical relationship between the bank and its depositors does not alter the fact that the money in the account that the defendant embezzled was money disbursed pursuant to a federal grant.

■ Defendant's reliance on *United States v. Collins*, 464 F.2d 1163 (9th Cir. 1972), is misplaced. In *Collins*, the defendant attempted to embezzle funds by forging a check. The Ninth Circuit held that, because under banking law when a bank pays on a forged endorsement it pays out of its own money rather than that of the depositor whose endorsement was forged, the defendant had not obtained the government's property. In the present case, the checks were not forged. Thus, when the bank paid the checks, it paid out of the federal funds deposited in the account on which the checks were drawn. The money obtained was federal grant money and the property of the United States.[3] Defend-

---

1. In making his argument on this point, defendant refers to the equal protection and due process clauses of the Constitution. While it is not clear exactly how defendant's constitutional arguments differ from his arguments concerning congressional intent, we find no constitutional violation in the application of section 641 to defendant's conduct.

2. While the majority's final opinion does not directly address this issue, the dissent in that case makes clear that the issue was implicitly decided by the majority opinion.

3. It should be noted that federal grant money does not lose its federal character simply because it is administered by a nonfederal agency such as SECDP. *United States v. Johnson*, 596 F.2d 842 (9th Cir.1979); *United States v. Evans*, 572 F.2d 455 (5th Cir.), *cert. denied*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978).

ant's argument in this regard must fail. Defendant's final argument is that the government had no loss because the checks that he wrote were disapproved by the government. The disapproval after the checks had already been paid meant simply that later disbursements of the funds to the program would be reduced to compensate. The fact that the federally funded program rather than the federal government itself would ultimately suffer the consequences of defendant's defalcation does not lessen his culpability. Therefore, all of defendant's arguments must fail and the conviction must be affirmed.

McKAY, Circuit Judge, concurring in part and dissenting in part.

On the issue of whether defendant is guilty of embezzling government funds, I concur in the majority opinion. However, for the reasons I stated in my dissent in *United States v. Afflerbach*, 754 F.2d 866 (10th Cir.1985), I must dissent from that part of the majority's opinion that refuses to remand this case for resentencing under the proper statute. Defendant was tried under a general statute when a specific statute carrying a shorter maximum sentence covered the acts alleged in the indictment. In particular, defendant was charged with misapplying federal funds under 18 U.S.C. § 641. In fact, the defendant was accused of embezzling Indian Self-Determination and Education Assistance funds, which is made punishable by 25 U.S.C. § 450d.

The maximum penalty under 18 U.S.C. § 641 is ten years for a felony and one year for a misdemeanor. The maximum penalty under 25 U.S.C. § 450d is two years for a felony and one year for a misdemeanor. The defendant was convicted of a felony and a misdemeanor and was sentenced to two concurrent one-year terms.

In *Afflerbach* I dissented from the majority's decision, which ignored the issue raised by proceeding under a general statute when a specific statute is available. In *Afflerbach* the majority held that the only time proceeding under the wrong statute can possibly create a problem is if the defendant receives a greater sentence than that allowed by the statute under which he claims he should have been tried. Since the penalties imposed in *Afflerbach* were within the statutory maximum of either statute, the majority felt that no triable issue had been raised.

As the majority in this case points out, similar reasoning would allow us to ignore the fact that defendant Largo was sentenced under the wrong statute. While this approach may have some appeal in terms of judicial economy in particular cases, it encourages sloppiness and promotes arbitrary sentencing quite in conflict with the recently felt need to regulate judicial discretion in the sentencing decision. *See Comprehensive Crime Control Act of 1984*, 18 U.S.C. § 3553 (1985). The remedy in cases such as this is to remand the case, not for new trial, but for new sentencing under the correct provision of the law. While the district court could, as a matter of law, impose the same sentence under the correct statute as he imposed under the statute under which defendants were sentenced, we do not know what effect knowledge that Congress intended the maximum for this crime to be two years instead of ten would have had on the district court's decision. Even though, theoretically, no prejudice was suffered by the defendant, for the sake of fairness and informed judgment the case should be remanded for resentencing under the proper statute.

The sentencing in the present case violates the time-honored rule of statutory construction that "a more specific statute will be given precedence over a more general one, regardless of their temporal sequence." *Busic v. United States*, 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980). This rule has long been followed to prevent a defendant from being convicted under a general statute when a specific statute more particularly describing his criminal conduct has been enacted. *See, e.g., United States v. Bates*, 429 F.2d 557 (9th Cir.), *cert. denied sub. nom United-ed States v. Green*, 400 U.S. 1002, 91 S.Ct. 452, 27 L.Ed.2d 449 (1971); *Enzor v. Unit-*

*ed States,* 262 F.2d 172 (5th Cir.1958), *cert. denied,* 359 U.S. 953, 79 S.Ct. 740, 3 L.Ed.2d 761 (1959); *Robinson v. United States,* 142 F.2d 431 (8th Cir.1944).

The continued reliability of this doctrine of statutory construction has been called into question by some federal courts that misinterpreted a recent United States Supreme Court opinion. In *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the Court held that the U.S. Attorney had the discretion to choose which of two statutes prohibiting receipt of firearms by a convicted felon he would proceed under, even though the statute he chose carried a longer maximum term of imprisonment for its violation. More recently, in *Ball v. United States,* ⸺ U.S. ⸺, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), the Supreme Court held that a defendant could be indicted and prosecuted for unlawfully receiving a firearm and unlawfully possessing the same firearm arising out of the same incident, but that he could not suffer two convictions or sentences based on the single act. The Court ruled that if the jury returned guilty verdicts on both charges the district court was free to decide which statute the defendant would be sentenced under irrespective of the differing penalty provisions. Based on these cases, some courts have been tempted to throw out the window the federal rule limiting the government's discretion to proceed under a general statute in opposition to the provisions of a specific statute. *See United States v. Carpenter,* 611 F.2d 113, 115 n. 3 (5th Cir.), *cert. denied,* 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980); *United States v. Simon,* 510 F.Supp. 232, 237 (E.D.Pa.1981).

I find this reliance on *Batchelder* and *Ball* improper and decline to follow the reasoning of these other federal courts. Neither *Batchelder* nor *Ball* involved a general and a specific statute. Rather, in each case, the court was faced with two statutes that proscribed, in almost identical terms, the conduct for which the defendant was convicted. Thus, the holding of these cases does not undermine the long-standing rule that a specific statute governs over a general statute. Indeed, since the Court subsequently relied upon the general versus specific doctrine in holding the general enhancement statute, section 924(c), inapplicable in face of the specific enhancement provision found in section 111 in *Busic,* the conclusion that federal law no longer contemplates the specific versus general doctrine is clearly wrong.

The federal courts should await a more clear signal from the Supreme Court before deciding that this long-standing rule of statutory construction should be disregarded. As the Court explained in *Simpson v. United States,* 435 U.S. 6, 15–16, 98 S.Ct. 909, 914, 55 L.Ed.2d 70 (1978), the rule that a specific statute should prevail over a general statute "has special cogency where a court is called upon to determine the extent of the punishment to which the criminal defendant is subject for his transgressions. In this context, the principle is a corollary of the rule of lenity, an outgrowth of our reluctance to increase or multiply punishments absent a clear and definite legislative directive." Despite *Batchelder* and *Ball,* the rule remains unchanged that where a defendant is convicted of a specific crime for which Congress has intentionally prescribed a more lenient punishment, neither the prosecution nor the courts are at liberty to defy that specific congressional mandate.

This rule could not be more applicable to any case than it is to the present case. Congress has enacted a specific statute prescribing a much more lenient sentence for embezzlement of the particular type of funds which the defendant embezzled. The district court should have considered this fact in making his sentencing determination and his consideration of this circumstance may well have decreased the punishment he imposed. Therefore, the only proper remedy in this case would be to remand the case to the district court for resentencing under the proper statute. *See Enzor,* 262 F.2d at 175. I concur in the court's opinion as it relates to the issues on the merits in this case. I would

affirm the conviction but remand the case for resentencing under the proper statute.