Randolph Muhammad TALLEY–BEY, Jr., Plaintiff–Appellant,

v.

Paul KNEBL, et al., Defendants–Appellees.

Nos. 97–1208, 97–1849.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 26, 1999.

Decided Feb. 1, 1999.

Randolph Muhammad Talley–Bey, Jr. (briefed), Ionia, MI, pro se.

Barbara A. Schmidt (briefed), Office of the Attorney General Corrections Division, Lansing, MI, Frank J. Kelley, Department of Attorney General Liquor Control Division, Farmington, MI, for Defendants–Appellees.

Before: MARTIN, Chief Judge; DAUGHTREY and CLAY, Circuit Judges.

## OPINION

BOYCE F. MARTIN, JR., Chief Judge.

Randolph Muhammed Talley–Bey, Jr., a Michigan state prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983 (No. 97–1208) and the subsequent award of costs (No. 97–1849). We have consolidated the appeals to take this occasion to affirm the position that, for the purposes of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, §§ 801–10, 110 Stat. 1321 (1996) (PLRA), when a district court imposes fees and costs upon multiple prisoners, the fees and costs are to be proportionally assessed among the prisoners.

Talley–Bey and fellow prisoner Robert F. Nelson, Jr., sued Paul Knebl, a case manager at the Oaks Correctional Facility in Eastlake, Michigan, and Timothy Bellinger, who is a corrections officer at Oaks. Talley–Bey and Nelson claimed that they were denied access to the courts. They alleged that on April 25, 1995, Nelson handed Knebl a grievance that was to be forwarded to Talley–Bey for Talley–Bey's signature. Talley–Bey stated that he and Nelson had entered into an approved legal assistance agreement where Nelson would provide Talley–Bey with legal assistance in multiple legal actions. Despite the existence of this agreement, Knebl refused to forward the grievance because Knebl did not feel that the grievance constituted legal documents within the scope of the agreement. Knebl therefore returned the grievance to Nelson.

Nelson then asked for grievance forms from an individual named Russell, who we presume is a prison official engaged in the prison grievance process. Nelson claimed that Russell refused to provide the forms because Knebl had instructed Russell to withhold the forms. Finally, on May 2, 1995, Talley–Bey alleged that defendant Bellinger refused to accept Talley–Bey's legal mail based on Knebl's orders. Talley–Bey claimed that as a result of this refusal, three of his pending court cases were dismissed.

The district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief may be granted and under Fed.R.Civ.P. 56(b), noting that there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. The district court subsequently taxed Nelson and Talley–Bey $41 for costs in proportional amounts.

Talley–Bey filed a notice of appeal as to the district court's judgment only as to himself. Talley–Bey subsequently filed a second notice of appeal as to the cost assessment, attempting to appeal the assessment on behalf of Nelson and himself. As Talley–Bey is the only plaintiff to sign the notice of appeal, Nelson cannot be considered an appellant. See Fed.App. P. 3(c).

We will construe Talley–Bey's brief as arguing that he was entitled to have the allegations in the complaint taken as true under Rule 12(b)(6), that a genuine issue of material fact prevents the grant of summary judgment for Knebl and Bellinger, that he was denied access to the courts, that he was subjected to cruel and unusual punishment, and that he should not have been taxed costs.

As documentation was presented outside the pleadings and was considered by the district court, the district court's judgment will be construed as granting summary judgment for Knebl and Bellinger. See Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 104 (6th Cir.1995). Therefore, our review of the district court's decision is de novo. See Elaine's Cleaning Serv., Inc. v. United States Dep't of Labor, 106 F.3d 726, 728 (6th Cir.1997).

█ Upon review, we conclude that Knebl and Bellinger were entitled to summary judgment as a matter of law. Despite Talley–Bey's assertions to the contrary, there is no genuine issue of material fact. In his complaint, Talley–Bey states that Bellinger's refusal to accept his outgoing legal mail resulted in the dismissal of two district court cases and an appeal before this court. Further, Knebl refused to forward the grievance form to Talley–Bey. Because of their actions, Bellinger and Knebl denied Talley–Bey access to the courts and subjected him to cruel and unusual punishment.

Talley–Bey stated that the refusal occurred on May 2, 1995. However, the docket sheets of this court show that Talley–Bey's appeal was not filed until December 15, 1995, and was subsequently dismissed on August 21, 1996. Further, one district court case was dismissed on January 27, 1995, long before the alleged incident even occurred. The second district court case was not filed until July 13, 1995, and was subsequently dismissed on August 7, 1995. Thus, contrary to Talley–Bey's own admissions, the alleged refusal to mail his legal documents could not possibly have led to the dismissal of his three civil cases. Because Talley–Bey failed to establish any injury, *see Lewis v. Casey,* 518 U.S. 343, 348–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the district court properly granted summary judgment for Knebl and Bellinger as to Talley–Bey's First Amendment claim.

█ We also note that Talley–Bey's cruel and unusual punishment argument is meritless. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an " 'unnecessary and wanton infliction of pain.' " *Ingraham v. Wright,* 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Such a claim has both an objective and subjective component. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim requires that the pain be serious. *Id.* The Supreme Court addressed the objective component in *Rhodes v. Chapman,* 452 U.S. 337, 347–49,

101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), noting that although double celling of inmates may be painful, it did not concern the deprivation of the "minimal civilized measure of life's necessities."

The subjective component, in contrast, constitutes the deliberate indifference standard of *Estelle.* *See Wilson,* 501 U.S. at 302–03, 111 S.Ct. 2321. The subjective component provides that the offending, non-penal conduct be wanton. *Id.* ˙

The refusal to mail the documents does not satisfy *Wilson.* The mere act of not mailing a prisoner's correspondence cannot be construed as causing the deprivation of the minimal necessities of life, nor can the denial be construed as wanton. Talley–Bey's arguments do not establish a claim of cruel and unusual punishment.

█ Talley Bey's argument regarding costs must be examined under the PLRA. The district court granted Knebl's and Bellinger's request for costs in the sum of $41. The district court then pro-rated the amount between Nelson and Talley–Bey and assessed each prisoner $20.50. The court directed that the costs be paid in accordance with the mathematical formula set forth in 28 U.S.C. § 1915(b)(2). Talley–Bey appealed the assessment to this court. In *Weaver v. Toombs,* 948 F.2d 1004, 1013 (6th Cir.1991), we held that courts have discretion in assessing costs against an unsuccessful prisoner who prosecuted his or her case in forma pauperis. We noted that the courts were required to make a determination of the prisoner's capacity to pay the assessed costs. *Id.* at 1013–14. We found that should costs be assessed against a prisoner, the assessment would be subject to challenge and a showing that the prisoner was incapable of paying the costs. *Id.* at 1014. The PLRA has superceded the procedures of *Weaver.* *See Hampton v. Hobbs,* 106 F.3d 1281, 1285 (6th Cir.1997). When judgment is entered against a prisoner and costs against the prisoner are assessed, § 1915(f)(2)(A) now requires that the prisoner pay the costs either in full, or in accordance with the payment process set forth in § 1915(b)(2). *See* 28 U.S.C. § 1915(f)(2)(B). The prisoner's ability to pay the costs is no longer an issue. Sec-

tion 1915(f)(2)(B) mistakenly refers to § 1915(a)(2) as the authoritative subsection for the payment process. However, as we have previously noted, *see McGore v. Wrigglesworth,* 114 F.3d 601, 603 (6th Cir.1997), § 1915(a)(2) does not contain a payment procedure. The payment process is actually located in § 1915(b)(2).

Because a prisoner can no longer challenge the assessment of fees from the district court on the grounds that the prisoner is unable to pay the assessment, *see Hampton,* 106 F.3d at 1285, if a court chooses to tax a prisoner costs, the prisoner is required to pay the assessment in full. 28 U.S.C. § 1915(f)(2)(A). Therefore, Talley–Bey was properly taxed costs under 28 U.S.C. § 1920, and his inability to immediately pay the amount is of no consequence.

 We also conclude that the district court's pro-rated assessment of the costs between Nelson and Talley–Bey was correct. A panel of this court has not had the opportunity to decide how a district court is to assess costs in light of § 1915(f)(2) when the case involves multiple prisoners. The statute does not specify how fees are to be assessed when multiple prisoners constitute the plaintiffs or appellants. Because each prisoner chose to prosecute the case, we hold that each prisoner should be proportionately liable for any fees or costs that may be assessed. Thus, any fees and costs that a district court or that we may impose must be equally divided among all the participating prisoners.

We wish to make clear, however, that in cases involving class actions, district courts are not to assess fees and costs to each member of the class. As a class action certification is normally made long after the complaint is filed, the responsibility of paying the required fees and costs rests with the prisoner or prisoners who signed the complaint. In class actions on appeal, the prisoner or prisoners signing the notice of appeal are obligated to pay all appellate fees and costs. Therefore, the district court's assessment of Talley–Bey for half of the subsequent $41.00 in costs was appropriate.

Accordingly, we **AFFIRM** the district court's grant of summary judgment for Knebl and Bellinger. Further, we **AFFIRM** the taxation of costs to Talley–Bey in the sum of $20.50.