[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2001
THOMAS K. KAHN
CLERK

No. 99-6087

D. C. Docket No. 98-03041-CV-AR-M

EARNEST HUBBARD, JESSE ALLEN, et al,

Plaintiffs-Appellants,

CHARLES COLLINS, ALBERTO RILEY, et al.

Plaintiffs,

versus

MICHAEL W. HALEY, Commissioner,
MARTHA BATTLES, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Alabama

**(August 21, 2001)**

Before DUBINA and KRAVITCH, Circuit Judges, and DUPLANTIER*, District
Judge.

_____

*Honorable Adrian G. Duplantier, U.S. District Judge for the Eastern District of Louisiana,
sitting by designation.

DUBINA, Circuit Judge:

The Prison Litigation Reform Act of 1995 ("PLRA") requires, *inter alia*, that a prisoner bringing a civil action *in forma pauperis* ("IFP") must pay the full filing fee. *See* 28 U.S.C. § 1915(b) (West Supp. 2000). The issue presented in this appeal is whether multiple prisoners, proceeding IFP, are entitled to join their claims and thus pro-rate the mandatory filing fees among the group instead of individually paying the full fee. We conclude that the intent of Congress in promulgating the PLRA was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee. Accordingly, we affirm the judgment of the district court.

## I. BACKGROUND

Appellant Earnest Hubbard and 17 other Alabama state prisoners filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Joe Hopper, Commissioner of the Alabama Department of Corrections; Correction Medical Services, the healthcare provider at St. Clair Correctional Facility; and officials of St. Clair, including Ron Jones and James DeLoach, wardens; Dr. William Hammack, chief medical officer; Donna James, chief steward; Martha Battles, former chief steward; Dr. Andy Maddux, nephrologist; and Paula Seckel, chief dialysis nurse. All of the plaintiffs are dialysis patients and allege that the medical

2

care and diet provided at St. Clair falls below the minimum constitutional standards established by the Eighth Amendment. Their complaint seeks an injunction ordering the facility to provide a non-harmful diet and necessary medical treatment.

The district court never reached the merits of the case, but instead dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee. To facilitate its ruling, the district court indicated that it would open a new suit with a separate number in each of the plaintiff's names and consider the original complaint to be their complaints. The majority of the 18 plaintiffs had already filed separate petitions to proceed IFP. The court directed each of the remaining plaintiffs to file his own form complaint and petition to proceed IFP. The court then dismissed the original multi-plaintiff complaint without prejudice. Several of the plaintiffs filed a motion for reconsideration of the dismissal coupled with a motion for class certification. The district court denied both the motion for class certification and the motion for reconsideration.

Plaintiffs filed a joint notice of appeal on January 22, 1999, with each plaintiff individually signing the notice. A magistrate judge disregarded the multi-appellate notice of appeal on the grounds that the PLRA "does not appear to provide for division of the appellate filing fee among multi-plaintiffs." Instead, the

3

magistrate judge "deem[ed] the notice of appeal to have been filed solely by plaintiff Earnest Hubbard, whose name was listed as the first plaintiff in the heading of the original complaint and whose signature appears first on the notice of appeal." In an order dated February 4, 1999, the magistrate judge instructed the plaintiffs that if they wanted to appeal the dismissal order, appellant-Hubbard "must either (1) pay the appellate filing fee of $105.00, or (2) file a signed Prisoner Consent Form On Appeal" to set up periodic withdrawals from his prison account. Hubbard objected to the magistrate's holding that he must pay the full appellate filing fee for a joint appeal, but nonetheless signed a Prisoner Consent Form On Appeal. The district court then found the appeal to be in good faith, noting that "[t]hese issues do not appear to have been addressed by the appellate courts and therefore present open questions." *Hubbard v. Haley*, No. 98-AR-3041 (N.D. Ala. Feb. 17, 1999) (order regarding appeal in prisoner civil rights case).

## II. STANDARD OF REVIEW

The district court's interpretation of the PLRA is a statutory finding and constitutes a question of law, which is reviewed *de novo*. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1215 (11th Cir. 2000); *Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th Cir. 1997) (stating that the court reviews legal

4

questions *de novo,* such as, whether the filing fee provisions of the PLRA supercede a previously promulgated federal rule).

### III.  DISCUSSION

In determining whether the Prison Litigation Reform Act permits multi-plaintiff *in forma pauperis* civil actions, we turn first to the PLRA itself.  On April 26, 1996, the President signed the PLRA into law and thus amended 28 U.S.C. § 1915 to require a prisoner to pay the full amount of the filing fee when a prisoner brings a civil suit IFP.  28 U.S.C. § 1915(b).  Specifically, § 1915(b) now requires that the prisoner pay an initial partial filing fee and complete the payment of the filing fee in accordance with the payment schedule set forth in § 1915(b)(2).  Section 1915(b)(2) mandates that monthly payments of 20 percent of the preceding month's income credited to the prisoner's account must be forwarded by the agency having custody over the prisoner to the clerk of the court each time the amount in the account exceeds $10 dollars.  This process is repeated "until the filing fees are paid." *Id.*  Moreover, prisoners wishing to proceed IFP must execute an affidavit and file a certified copy of their prison trust account to demonstrate their impoverishment.  28 U.S.C. § 1915(a)(1)-(2).  Finally, if a prisoner has filed three frivolous lawsuits, the PLRA revokes IFP privileges and requires the prisoner

to pay the same filing fees that ordinary citizens must file upon the commencement of a suit. 28 U.S.C. § 1915(g).

This court recently noted that the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation. *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997). In fact, several other circuits have recognized the intent of Congress to taper prisoner litigation. *See e.g. Ramsey v. Coughlin*, 94 F.3d 71, 73 (2nd Cir. 1996) (acknowledging the "congressional purposes of reducing the state's burden of responding to frivolous actions or of deterring frivolous prisoner litigation"); *Abdul-Akbar v. Mckelvie*, 239 F.3d 307, 331 (3rd Cir. 2001) (stating that requiring IFP prisoners to pay filing fees was calculated to create an economic deterrent); *Jackson v. Stinnett,* 102 F.3d 132, 136-37 (5th Cir. 1996) ("The fee provisions of the PLRA were designed to deter frivolous prisoner litigation in the courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'") (citation omitted); *Hapton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) ("The legislation was aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts."); *Rumbles v.*

*Hill*, 182 F.3d 1064, 1070 (9th Cir. 1999); *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997).

The plaintiffs contend that the district court improperly interpreted the PLRA to alter federal joinder rules so that indigent prisoners cannot participate in multi-plaintiff actions. They claim that the liberal joinder standards of Fed. R. Civ. P. 20 easily contemplate the claims brought by the 18 prisoners in this instance. "A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Alexander v. Fulton County, Georgia,* 207 F.3d 1303, 1323 (11th Cir. 2000). Here, plaintiffs claim that the degree of medical care received at St. Clair and the diet available to dialysis patients at St. Clair constitute a common series of transactions giving rise to a right of relief. The common question of law is whether the defendants' actions violate the Eighth Amendment of the Constitution. The district court did not pass on whether, absent the PLRA, the plaintiffs' suit would be joined properly under Rule 20. Instead, the district court adhered to the clear language of the PLRA and ruled that each prisoner must bring a separate suit in order to satisfy the Act's requirement that each prisoner pay the full filing fee.

Plaintiffs argue that the PLRA should not be read to repeal Rule 20 but to harmonize with Rule 20. *See Panama Canal Company v. Anderson*, 312 F.2d 98, 100 (5th Cir. 1963);[1] *see also* 7 Moore's Federal Practice, ¶ 86.04(4) (2d ed. 1996) ("[A] subsequently enacted statute should be so construed as to harmonize with the Federal Rules if that is at all feasible."). Such a harmonious reading of the PLRA would allow multiple prisoners to bring an IFP civil action in accordance with Rule 20 and still require the prisoners to pay the filing fee, albeit shared among the several plaintiffs.[2]

We conclude, however, that the PLRA clearly and unambiguously requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This court has repeatedly stated that "[w]e begin our construction of [a statutory provision] where courts should always begin the process of legislative

---

[1] The Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] To our knowledge, only one circuit has addressed how the PLRA affects multi-plaintiff IFP actions. In *Talley-Bey v. Knebl*, 168 F.3d 884 (6th Cir. 1999), the Sixth Circuit affirmed the district court's division of costs between two IFP plaintiffs. While *Talley-Bey* adjudicated a different issue; i.e., costs taxed against multi-plaintiffs, the decision suggested that filing fees should be proportionally assessed against multi-plaintiffs as well: "Thus, any fees and costs that a district court or that we may impose must be equally divided among all the participating prisoners." *Id.* at 887. To the extent that the Sixth Circuit's opinion allows multi-plaintiffs who proceed IFP to avoid paying the full filing fee by joining their claims, we disagree.

8

interpretation, and where they often should end it as well, which is with the words of the statutory provision." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). Moreover, the Congressional purpose in promulgating the PLRA enforces an interpretation that each prisoner pay the full filing fee. *See* 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively.").

Various courts have also acknowledged the problem of excessive prisoner litigation. *See e.g. Cruz v. Beto*, 405 U.S. 319, 327 (1972) (stating that prisoners have unique incentives to file meritless or frivolous lawsuits; e.g., to attempt to obtain a "short sabbatical in the nearest federal courthouse"); *Roller v. Gunn,* 107 F.3d 227, 234 (4th Cir. 1997) (stating that prisoners "often have free time on their hands that other litigants do not possess"); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953-54 n.1 (4th Cir. 1995) (en banc) (stating that "all too often" prisoner litigation is initiated to harass prison officials). Finally, to the extent that the Rules Enabling Act, as expressed in Rule 20, actually conflicts with

the PLRA, we hold that the statute repeals the Rule. *See Mitchell v. Farcass*, 112 F.3d 1483, 1489 (11th Cir. 1997) ("A statute passed after the effective date of a federal rule repeals the rule to the extent that it actually conflicts.") (quoting *Jackson v. Stinnett*, 102 F.3d 132, 135-36 (5th Cir. 1996)).

Because the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action in this instance. Similarly, § 1915(b)(1) explicitly encompasses appellate filing fees, requiring each prisoner to pay the full amount of the appellate filing fee. The district court, therefore, correctly deemed the joint notice of appeal as a singular notice of appeal and properly assessed the appellate filing fee against appellant-Hubbard alone. With regard to both the initial filing fee and the appellate filing fee, the district court properly applied the clear language of the PLRA to require that each prisoner pay the full amount of the filing fees. For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED**.