**Anthony A'VE, Felix M. Fulicea, Kenneth Allen, and Robert L. Harrington, Plaintiffs–Appellants,**

v.

**SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO; Michigan Corrections Organization, Service Employees International Union Local 526–M, AFL–CIO, Defendants–Appellees.**

No. 01–1530.

United States Court of Appeals, Sixth Circuit.

Nov. 9, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

Anthony A'Ve, Felix M. Fulicea, Kenneth Allen, and Robert L. Harrington ("the plaintiffs"), proceeding pro se, appeal the district court's order and judgment dismissing their discrimination and retaliation complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the First Amendment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The plaintiffs, employees of the Ryan Correctional Facility and chapter officers of the defendant local union, filed a complaint against the Michigan Corrections Organization, Service Employees International Union, Local 526–M ("Local 526–M") and the Service Employees International Union, AFL–CIO ("international union"), alleging discrimination based on race (A'Ve, Allen, and Harrington are African–American), religion (A'Ve is a member of the Baha'i faith), and national origin (Fulicea is Rumanian). In addition, A'Ve alleged that the defendants retaliated against him for complaining about the lack of minority females in state-wide union office. The plaintiffs alleged that on September 18, 1996, the defendants wrongfully

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

removed them from office (literally locking them out of their chapter office) and placed the Ryan Chapter in trusteeship for discriminatory and retaliatory reasons. The plaintiffs sought compensatory and punitive damages, lost benefits, and equitable relief. On October 18, 1999, the defendants removed the action to federal district court and subsequently filed a motion to dismiss. The plaintiffs filed a motion for class certification (which was stayed pending disposition of the defendants' motion to dismiss), a motion for leave to amend their complaint, and a motion for the appointment of counsel.

In an opinion and order filed on March 23 and entered on March 26, 2001, the district court denied the plaintiffs leave to amend their complaint and granted the defendants' motion to dismiss, which it construed as a motion for summary judgment. A separate judgment was entered the same day. The district court first found that all claims brought by plaintiffs A'Ve and Fulicea against Local 526–M were barred by the doctrine of *res judicata,* as those plaintiffs had brought suit against Local 526–M in 1996 based upon this same removal from office. The district court further found that all Title VII claims brought by plaintiffs Allen and Harrington must be dismissed for failure to exhaust administrative remedies as those plaintiffs had never filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC). Next, the district court determined that all of the plaintiffs' Title VII claims against the international union must be dismissed because that union was not named as a respondent in A'Ve's and Fulicea's EEOC charges; thus, administrative remedies were not exhausted as to that defendant. Finally, the district court dismissed the civil rights claims brought under the First Amendment because the plaintiffs failed to plead and prove the requisite state action.

The district court denied the plaintiffs' motion for leave to amend their complaint because it was tardy and because the proposed amendment would not cure the legal deficiencies of the original complaint.

On appeal, the plaintiffs continue to argue the merits of their claims and contend that the district court erred in sending a law clerk to conduct the pretrial conference, in staying discovery and denying leave to amend the complaint, in refusing to certify the class action, in finding a failure to exhaust administrative remedies, in refusing to appoint counsel for the plaintiffs, and in dismissing all claims against the international union.

Upon review, we affirm the district court's judgment for the reasons stated therein, except as to plaintiffs Allen and Harrington's Title VII claims against Local 526–M. We affirm the dismissal of those claims for a reason other than that relied upon by the district court. *See Kennedy v. Superior Printing Co.,* 215 F.3d 650, 655 (6th Cir.2000).

The defendants' motion to dismiss was properly construed as a motion for summary judgment because documentation was presented outside the pleadings and was considered by the district court. *See Talley–Bey v. Knebl,* 168 F.3d 884, 885 (6th Cir.1999). This court reviews a grant of summary judgment *de novo. Thompson v. Ashe,* 250 F.3d 399, 405 (6th Cir. 2001). Summary judgment is proper only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Thompson,* 250 F.3d at 405. "[T]he party opposing the motion may not rely solely on the pleadings and must adduce more than a mere scintilla of evidence; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which

the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Id.* We note that the plaintiffs did respond to the defendants' dispositive motion.

■ The plaintiffs do not raise on appeal their First Amendment civil rights claim. It is therefore considered to be abandoned and is not reviewable. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

■ The district court properly found that the claims of plaintiffs A'Ve and Fulicea against Local 526–M were barred by *res judicata,* also known as claim preclusion. This court reviews *de novo* a district court's decision with regard to *res judicata. Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 582 (6th Cir.1994).

> Under this Court's articulation of *res judicata,* a claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir.1997); *see also Black,* 15 F.3d at 582.

In 1996, plaintiffs A'Ve and Fulicea filed an action against Local 526–M under a different legal theory, seeking a remedy when the president of the local "removed Plaintiffs from their elected offices" and "pad-lock[ed] their office space." The district court granted summary judgment for the defendants and this court affirmed. *See A've v. Sowels,* No. 97–1752, 1998 WL 152749 (6th Cir. March 26, 1998). All of the elements required to trigger claim preclusion are present. Thus, the district

court did not err in granting summary judgment based on *res judicata* in favor of defendant Local 526–M as to the claims raised by plaintiffs A'Ve and Fulicea.

It is well-settled that "[f]ederal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge." *Abeita v. TransAmerica Mailings,* 159 F.3d 246, 254 (6th Cir.1998). Because it is undisputed that plaintiffs Allen and Harrington never filed an EEOC charge, the district court relied on a case from the Ninth Circuit and found that it had no jurisdiction over their Title VII claims.

This circuit, however, has adopted the "single filing rule," stating that " '[i]n a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement." ' *EEOC v. Wilson Metal Casket Co.,* 24 F.3d 836, 840 (6th Cir.1994) (quoting *Ezell v. Mobile Hous. Bd.,* 709 F.2d 1376, 1381 (11th Cir.1983)). Plaintiffs Allen and Harrington complain of their 1996 removal from office for racially discriminatory reasons. Because plaintiff A'Ve presented a similar claim in his EEOC charge, Allen and Harrington are arguably excused from the filing requirement under the "single filing rule."

■ Nonetheless, the judgment in favor of Local 526–M as to Allen and Harrington's Title VII claims is affirmed for another reason. A Title VII complaint must be filed in district court within ninety days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). A'Ve was issued his right-to-sue letter on April

**330**

11, 1997; Fulicea never received one. The instant complaint was originally filed in state court on September 27, 1999, well beyond the ninety-day period following issuance of the right-to-sue notice. Thus, the complaint is untimely. Although this court has held that the ninety-day time period is similar to a statute of limitations in that it is subject to equitable tolling, *see Truitt v. County of Wayne*, 148 F.3d 644, 646 (6th Cir.1998), the plaintiffs have offered no good cause to apply equitable tolling to their claims.

■ The district court properly dismissed all Title VII claims against the international union for failure to exhaust administrative remedies. That defendant was not named as a respondent in the EEOC charges filed by plaintiffs A'Ve and Fulicea. Title VII authorizes the filing of a suit only "against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(2). Thus, "a party not named in an EEOC charge may not be sued under Title VII." *Romain v. Kurek*, 772 F.2d 281, 283 (6th Cir.1985); *see also Johnson v. Palma*, 931 F.2d 203, 210 (2d Cir.1991); *Back v. Bakery & Confectionery Workers' Int'l Union of Am.*, 16 Fair Empl. Prac. Cas. (BNA) 120, 1977 WL 803, at *2 (S.D.Ohio 1977).

Finally, we conclude that the district court did not abuse its discretion in its various procedural rulings. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001); *Vivid Technologies, Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 803–04 (Fed.Cir.1999); *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir.1996); *Thompson v. County of Medina*, 29 F.3d 238, 241 (6th Cir.1994); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir.1993).

Accordingly, the district court's judgment, entered on March 26, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.