**Edgar BURKE, et al., Plaintiffs,**

v.

**David HELMAN, et al., Defendant.**

No. 00–1405.

United States District Court,
C.D. Illinois.

June 27, 2002.

Richard L. Steagall, Nicoara & Steagall, Peoria, IL, for Plaintiff.

James L. Lewis, Assistant United States Attorney, Springfield, IL, for Defendant.

## ORDER

GORMAN, United States Magistrate Judge.

The Defendants have filed a Motion to Compel Payment of Filing Fee (# 39), arguing that under the Prison Litigation Reform Act, (PLRA), 28 U.S.C. § 1915, each Plaintiff who was a prisoner at the time of filing the original complaint is required to pay the full filing fee.

Section 1915 does not specifically address multiple plaintiffs, instead specifying the methods of payment an individual prisoner may use to pay the filing fee; it provides in pertinent part that "if *a prisoner* brings a civil action or files an appeal *in forma pauperis, the prisoner* shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect as

a partial payment of any court fees required by law, an initial partial fee ..." 28 U.S.C. § 1915(b)[emphasis added].

In support of the argument that each plaintiff must pay the full filing fee, the Defendants rely on *Hubbard v. Haley,* 262 F.3d 1194 (11th Cir.2001). That case does not support Defendants' position. In *Hubbard,* the Eleventh Circuit decided that, because the PLRA discussed filing only in terms of a single plaintiff, the joinder provisions of Fed.R.Civ.P.20[1] were repealed for prisoner litigation, because "a statute passed after the effective date of a federal rule repeals the rule to the extent that it actually conflicts." *Id.* at 1198, quoting *Jackson v. Stinnett,* 102 F.3d 132, 135–36 (5th Cir.1996). Under *Hubbard,* prisoners would not be allowed to join together as plaintiffs in a single lawsuit. The court instead severed the claims, requiring each prisoner to file separate lawsuits; as a consequence, each would pay the entire filing fee for his own suit. *Id.* at 1198.

Our sister court in the Northern District has commented that "the worst provision [of the PLRA] is the fee assessment and collection procedure ... [which] refers only to 'the prisoner' and neglects to address the case of multiple-prisoner plaintiffs." *Clay v. Rice,* 2001 WL 1380526 (Nov. 5, 2001). The *Clay* court found *Hubbard* persuasive, predicting that the Seventh Circuit would follow *Hubbard.* The plaintiffs' claims in *Clay* were severed and the court required them to proceed individually in separate lawsuits.

Not all courts are in agreement. The Sixth Circuit, for example, has decided that each prisoner plaintiff should pay a portion of the filing fee and has allowed the prisoner plaintiffs to remain joined. *In re Prison Litigation Reform Act,* 105 F.3d 1131 (6th Cir.1997). The Sixth Circuit stated, "the statute [PLRA] does not specify how fees are to be assessed when multiple prisoners constitute the plaintiffs or appellants ... each prisoner should be proportionally liable for any fees and costs that may be assessed.

Thus, any fees and costs that the district court ... may impose shall be equally divided among all the prisoners." 105 F.3d at 1137, 1138.

None of these cases hold that multiple plaintiffs in a single suit must *each* pay the entire filing fee, which is what the defendants ask here. In fact, such an interpretation would arguably contradict the imprecation of the PLRA that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." 28 U.S.C. § 1915.

■ Inference of Congress' intent to repeal Rule 20's joinder provisions from the Act's use of the singular word "plaintiff" (and nothing more) would be unsound statutory construction. "In determining the meaning of any Act of Congress, ... words importing the singular include and apply to several persons, parties or things." 1 U.S.C. § 1. I therefore conclude that there is no conflict between the PLRA and Fed.R.Civ.P.20, and I further disagree with the prediction that the Seventh Circuit would adopt the reasoning of the *Hubbard* court.

There being no other basis for the defendants' motion, the motion is denied.

---

1. Fed.R.Civ.P. 20 provides in pertinent part: "all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will rise in the action.".