[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12575
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20237-UU

E-YAGE BOWENS,

Plaintiff-Appellant,

MARK ROBERT WALKER, et al.,

Defendants,

versus

TURNER GUILFORD KNIGHT DETENTION,
WARDEN/SUPERINTENDENT OF T.G.K.,
OFFICERS OF T.G.K.,
JACKSON HEALTH SYSTEM,
MAYOR, MIAMI-DADE COUNTY, FL, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 26, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

E-Yage Bowens, proceeding pro se, appeals the dismissal without prejudice of his 42 U.S.C. § 1983 complaint, in which six inmates joined their claims together in a single suit. The district court held that to conform to the Prison Litigation Reform Act of 1995 (PLRA), as interpreted by *Hubbard v. Haley*, 262 F.3d 1194, 1195 (11th Cir. 2001), each inmate must file a new, individual complaint, and either pay the full filing fee or submit an individual motion to proceed *in forma pauperis* (IFP). On appeal, Bowens argues that because *Hubbard* aimed to curtail the flux of frivolous lawsuits by inmates, the Court never ruled on inmates (1) sharing the mandatory filing fee for non-frivolous civil rights lawsuits brought under exigent circumstances. We affirm.

The district court's interpretation of the PLRA constitutes a question of law that we review de novo. *Id*. at 1196. We have held that the PLRA "amended 28 U.S.C. § 1915(b) to require a prisoner to pay the full amount of the filing fee when a prisoner brings a civil suit IFP." *Id*. In *Hubbard*, 18 prisoners filed a single pro se civil rights action under § 1983 against a correctional facility and other defendants. The prisoners alleged that the correctional facility failed to provide constitutionally adequate medical care and diet. *Id.* at 1195. We affirmed the district court's dismissal of the complaint, holding that the plain language of the

2

PLRA requires that each prisoner proceeding IFP pay the full initial filing fee and the appellate filing fee. *Id.* at 1195, 1198. To the extent that the Rules Enabling Act, as expressed in Federal Rule of Civil Procedure 20, actually conflicts with the PLRA, we held that the statute repeals the Rule. *Id.* at 1198.

Here, as a preliminary matter, this Court only has jurisdiction to hear this appeal as to Bowens, because only Bowens signed the document that was construed as a notice of appeal. *See* Fed. R. App. P. 3(c)(2). Bowens, however, has failed to show that the district court erred when it dismissed the original complaint because the PLRA, as interpreted by *Hubbard*, did not provide exceptions for joinder of inmate plaintiffs based on the nature of the claims that they raised. To the contrary, because the prisoners in *Hubbard* claimed inadequate medical care, the court in *Hubbard* arguably anticipated claims that could involve exigent danger to the prisoners, such as those claims seemingly raised by Bowens here.

Accordingly, upon review of the record and consideration of the parties' briefs, we affirm

**AFFIRMED.**

3