[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14212
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-22122-JEM

YASIR MEHMOOD,

Plaintiff-Appellant,

versus

GUERRA,
SDDD, Krome SPC,
WARDEN, KROME SPC,
Acosta, AFDD, ICE,
MS. MAGAL,
MR. CARLOS,
PALMETTO HOSPITAL (HIALEAH), et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Yasir Mehmood, proceeding *pro se*, appeals the district court's order *sua sponte* dismissing his civil-rights complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Palmetto General Hospital, the City of Hialeah, Miami-Dade County, the State of Florida, Immigration and Customs Enforcement ("ICE"), Department of Homeland Security ("DHS"), the United States, two ICE employees, and two nurses at Palmetto Hospital.

Mehmood is a native and citizen of Pakistan who was detained by ICE pending the outcome of his removal proceedings following a criminal conviction. During his detention, he filed a *pro se* complaint alleging that he was subjected to humiliating strip and body-cavity searches in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments.

According to the complaint, in 2018 Mehmood was transferred three times from the Krome immigrant detention center to Palmetto Hospital for medical evaluation due to an ongoing hunger strike. Each time, hospital staff, with the assistance or acquiescence of officers employed by an ICE contractor, removed his pants and underwear, lifted his penis and genitals and touched the areas around them "in a sexual manner," and then either touched his anus or inserted a finger into his

2

rectum.  The contract officers were directed by ICE officer Guerra "to follow the hospital policy" and assist the hospital staff, including using force if Mehmood resisted.  A nurse told Mehmood that it was hospital policy to conduct this type of search for contraband of all "criminal detainees" from Krome because he could "bring drugs wrapped in plastic in your gay ass."

These invasive searches took place in the presence of other patients and hospital staff, and Mehmood endured laughter and demeaning comments by other patients, the nurses, and the contract officers.  One time, four patients surrounded Mehmood and took videos with their cell phones while laughing and smiling.  Another time, a nurse asked Mehmood if he was gay after inserting a finger into his rectum, causing him pain.  When Mehmood said he was, the nurse responded, "I figured out."  Additionally, one of the nurses taunted him that "Muslims hate America" and told him "why not just sign the deportation and leave America."

Mehmood reported the incidents to officials at Krome, including Guerra, but they refused to intervene.  He was later told by a Pakistani nurse at the hospital that, while it was the policy of the hospital to strip search detainees from Krome, the correct policy was to take one piece of clothing at a time so that the person was not left naked, and that hospital staff were not permitted to remove a patient's underwear without reasonable suspicion of hidden drugs.

3

As a result of these experiences, Mehmood alleged, he suffered extreme humiliation and lost his appetite and couldn't sleep for two weeks. He maintains that it was against ICE policy to allow strip searches of immigrant detainees.

Because Mehmood sought to proceed *in forma pauperis* ("IFP"), a magistrate judge screened his complaint and recommended that it failed to state a plausible claim to relief under 28 U.S.C. § 1915(e)(2)(B)(ii). Citing case law governing the evaluation of jail regulations, including *Bell v. Wolfish*, 441 U.S. 520 (1979), and *Powell v. Barrett*, 541 F.3d 1298 (11th Cir. 2008) (*en banc*), the magistrate judge concluded that Mehmood failed to establish a Fourth Amendment violation related to the strip and body-cavity searches because there were "no factual allegations in the complaint which show that the search was conducted unreasonably or in an abusive manner." Specifically, the magistrate judge stated, "the hospital policy requiring detainees to have strip and bodily cavity searches upon arrival at the hospital from Krome SPC is rationally connected to an interest in security and efficiency of both Krome SPC and the hospital."

The magistrate judge further recommended that a majority of the named defendants—DHS, ICE, the United States, the City of Hialeah, Miami-Dade County, the State of Florida, and Palmetto General Hospital—were not subject to suit, that the complaint did not establish a basis for supervisory liability against Warden Acosta, that Mehmood did not state a viable equal-protection claim, that verbal

4

taunts alone were not actionable, and that Mehmood did not establish the existence of a conspiracy to violate his civil rights. The district court adopted the magistrate judge's recommendations over Mehmood's objections, and Mehmood now appeals.

On appeal, Mehmood argues that the district court erred in analyzing his claims as if he were a prisoner. He maintains that he is a civil detainee who was searched by hospital staff, so "[t]he civil standards apply" rather than the standards of the Prison Litigation Reform Act ("PLRA"). He also copies the text of his complaint into his appellate brief, substituting the term "appellant" for "plaintiff."

A district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed *de novo*. *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002).

IFP proceedings are governed by 28 U.S.C. § 1915. The statute is intended to provide all indigent litigants with meaningful access to courts by removing the obstacle of poverty. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing § 1915(d), *superseded by* § 1915(e)). Congress recognized, however, that an indigent litigant, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous or repetitive lawsuits. *Id.* It therefore authorized the federal courts to dismiss a case filed IFP "at any time" on various grounds, including if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5

The PLRA, promulgated in 1997, amended § 1915 to impose additional restrictions on litigation by "prisoners." *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001) (stating that Congress intended to "curtail abusive prisoner tort, civil rights and conditions of confinement litigation"). Among other restrictions, the PLRA requires "a prisoner to pay the full amount of the filing fee when a prisoner brings a civil suit IFP," *id.,* and it subjects prisoners to a "three strikes rule," *see Dupree v. Palmer*, 284 F.3d 1234, 1235–36 (11th Cir. 2002).

To the extent Mehmood argues that his complaint was not subject to screening by the district court under § 1915(e)(2), we disagree. Mehmood is correct that, as a civil detainee, he is not a "prisoner" under the PLRA. *Troville*, 303 F.3d at 1260 ("[T]he PLRA's restrictions on actions brought by prisoners do not apply to civilly committed detainees."). Nevertheless, under § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *see also Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) ("[S]ection 1915(e)(2)(B)(ii), directs the district court to dismiss the complaint of *any plaintiff* proceeding *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted." (emphasis added) (quotations omitted)); *Troville*, 303 F.3d at 1259–60 ("find[ing] no error" in the district court's dismissal of a non-prisoner's

complaint under § 1915(e)(2)(B)(ii)).  Therefore, the district court properly screened

his complaint under § 1915(e)(2), despite his status as a civil detainee.

More generally, Mehmood asserts that "civil standards" instead of "prison

standards" apply.  We liberally construe the filings of *pro se* parties, *Campbell v. Air*

*Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), and construing his brief

liberally, it appears he means to assert that courts apply more permissive standards

when evaluating policies and practices in prison or jails than when evaluating

policies and practices elsewhere.  So, in his view, the stricter standards should apply.

But despite the liberal construction we afford non-lawyers who represent

themselves, "issues not briefed on appeal by a *pro se* litigant are deemed

abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  To properly

raise an issue for appeal, the appellant generally must advance arguments and cite

authority to establish that the district court erred.  *Sapuppo v. Allstate Floridian Ins.*

*Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  "[A]n appellant abandons a claim when he

either makes only passing references to it or raises it in a perfunctory manner without

supporting arguments and authority." *Id.*

Here, Mehmood does not explain how the analysis would differ if we applied

"civil standards" instead of "prison standards" or identify any case law stating or

applying what he believes to be the correct standard.  To the extent Mehmood seeks

to proceed against the hospital and its staff, he may not do so under *Bivens* or § 1983.

7

Based on the facts alleged here, the hospital and its employees are private parties not subject to suit under § 1983 or *Bivens*.[1]  And beyond asserting that PLRA standards do not apply, Mehmood does not address the district court's reasons for dismissing his Fourth Amendment claims, nor does he challenge the court's determinations that the majority of defendants were not subject to suit and that his remaining claims were not viable.  Even though we liberally construe Mehmood's brief on appeal, we must conclude that he has abandoned any argument as to these issues.  *See Timson*, 518 F.3d at 874.

For these reasons, we affirm the dismissal of Mehmood's civil-rights complaint.

**AFFIRMED.**

---

[1] *See Minneci v. Pollard*, 565 U.S. 118, 120 (2012) (no implied cause of action under *Bivens* against employees of a privately-operated federal prison); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) (no implied cause of action under *Bivens* against private entities acting under color of federal law); *Harvey v. Harvey*, 949 F.2d 1127, 1130–31 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes[,]" and merely operating under state supervision or authority is not enough to convert a private party into a state actor).