[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15228
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00044-LGW-RSB

KASIM GANDY,

Plaintiff,

WASEEM DAKER,

Interested Party - Appellant,

versus

HOMER BRYSON, et al,

Defendants,

WARDEN, WARE STATE PRISON,
NATHAN BROOKS,
Tier II Program Unit Manager Ware State Prison,
in his official capacity,
WILLIAM STEEDLY,
Lt of Administrative Segregation Ware State Prison,
in his official capacity,
KIMBERLY LOWE,
Correctional Counselor Ware State Prison,
in her official capacity,

COX,
Tier II Program Unit Manager Ware State Prison,
in his/her official capacity,

                                        Defendants - Appellees.

                        _____

                Appeal from the United States District Court
                    for the Southern District of Georgia
                        _____

                            (March 25, 2020)

Before JORDAN, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Waseem Daker, a state prisoner proceeding *pro se* and *in forma pauperis*, appeals from the district court's denial of his motion for reconsideration of the magistrate judge's order denying his motion to intervene in another inmate's civil rights action. He argues that he meets all the requirements for intervention as of right under Rule 24, and that the Prison Litigation Reform Act does not prohibit him from intervening into another inmate's case without paying the full filing fee.

We review questions of jurisdiction *de novo*. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). We review the denial of a Rule 59(e) motion for abuse of discretion. *See Lambert v. Fulton Cly., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001). Unsuccessful motions to intervene as of right under Rule 24(a) are reviewed *de novo*. *See Walters v. City of Atlanta*, 803 F.2d 1135, 1150 n.16 (11th Cir. 1986).

2

Further, "[t]he district court's interpretation of the PLRA is a statutory finding and constitutes a question of law, which is reviewed *de novo*." *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001).

The denial of a motion to intervene is generally not considered a final appealable order over which we have jurisdiction. *See Fed. Say. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 214 (11th Cir. 1993). However, jurisdiction to review such an order is created under our "'anomalous rule' which grants provisional jurisdiction to determine whether the district court erroneously concluded that the appellant was not entitled to intervene under Rule 24." *Id.* (quotation marks omitted). Thus, if we determine that the district court correctly ruled on the petition to intervene, then we do not have jurisdiction to address the district court's ruling. *See id.*

A party seeking to intervene as of right under Rule 24 must show that: (1) his motion to intervene is timely; (2) "he has an interest relating to the property or transaction which is the subject of the action"; (3) the disposition of the action may impede or impair his ability to protect that interest; and (4) his interest is not represented adequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *see also* Fed. R. Civ. P. 24(a)(2). "If he establishes each of the four requirements, the district court must allow him to intervene." *Chiles*, 865 F.2d at 1213.

3

The PLRA provides that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).

In *Hubbard*, the plaintiff and 17 other state prisoners filed a *pro se* civil rights action against several prison officials. *See* 262 F.3d at 1195. The district court dismissed the case, finding that each plaintiff had to file a separate complaint and pay a separate filing fee. *See id.* We held that, in the context of joinder under Rule 20, the PLRA clearly and unambiguously requires that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *Id.* at 1197 (quotation marks omitted). Additionally, we determined that the Congressional purpose in promulgating the PLRA—to deter frivolous civil actions brought by prisoners by requiring each individual to pay the full filing fee—supported an interpretation that each prisoner in this case pay the full filing fee. *See id.* at 1197-98. We further held that the PLRA repealed the Rules Enabling Act, as expressed in Rule 20, to the extent that it conflicted with the PLRA. *See id.* at 1198 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1489 (11th Cir. 1997) ("A statute passed after the effective date of a federal rule repeals the rule to the extent that it actually conflicts.")). Accordingly, we held that, "[b]ecause the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee," the district court had properly dismissed the multi-plaintiff action. *Id.*

4

Although *Hubbard* involves joinder rather than intervention, its reasoning applies here.  We agree with the district courts in our circuit which have so held.  See, e.g., *Daker v. Wetherington*, 469 F. Supp. 2d 1231, 1234–36 (N.D. Ga. 2007); *Smith v. Fla. Dept. of Corrections*, 2015 WL 500166, *2 (S.D. Fla. Feb. 4, 2015).  We therefore conclude that the district court correctly denied (1) Mr. Daker's motion to intervene, and (2) Mr. Daker's motion for reconsideration.  As a result, we do not have jurisdiction over the appeal.  *See Falls Chase*, 983 F.2d at 214.

**APPEAL DISMISSED.**