[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14158
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00149-CAR-CHW


DARNELL NOLLEY,

                                                        Plaintiff,

WASEEM DAKER,

                                                        Movant - Appellant,

versus

WARDEN GREGORY MCLAUGHLIN,
Macon State Prison,
RICKY MYRICK,
Director of Investigations and Compliance Inmate Affairs,
Macon State Prison,
LISA FOUNTAIN,
Interim Manager of Inmate Affairs Unit,
Macon State Prison,
LIEUTENANT SAMUEL RIDLEY,
Macon State Prison,
LIEUTENANT DOMINICO DEMUNDO,
Macon State Prison, et al.,

                                                        Defendants - Appellees,

DON BLAKELY,
Deputy Warden of Security, Macon State Prison, et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 2, 2020)

Before WILLIAM PRYOR, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Waseem Daker, proceeding *pro se*, appeals the district court's denial of his motion to intervene, pursuant to Fed. R. Civ. P. 24, in a civil rights action filed by another inmate, Darnell Nolley. Mr. Daker argues that the district court erred in finding his motion barred by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, because the PLRA does not require a filing fee for intervention, the PLRA does not address or restrict intervention, and the Federal Rules of Civil Procedure do not address or restrict intervention by a prisoner. We affirm.

Under Rule 24(a)(2), a person may intervene as a matter of right if he claims "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately

represent that interest." *See Athens Lumber Co. v. F.E.C.*, 690 F.2d 1364, 1366 (11th Cir. 1982). Under Rule 24(b)(1)(B), a person may permissibly intervene if they have "a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion as to permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). *See Chiles v. Thornburg*, 805 F.2d 1197, 1213 (11th Cir. 1989).

Briefly stated, even assuming that Mr. Daker's motion to intervene was timely and not barred by the PLRA, *cf. Hubbard v.* Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (addressing the PLRA's effect on joinder), the district court did not err in denying intervention. First, Mr. Daker does not have an interest in Mr. Nolley's disciplinary hearing claim, which involved separate conduct and issues. Second, Mr. Daker is at a different prison than Mr. Nolley and in a different Tier II confinement. Third, with one exception, the defendants in Mr. Nolley's case were not involved in Mr. Daker's confinement. *See* D.E. 109 at 6; D.E. 112 at 1-2.

**AFFIRMED.**

3