[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14972
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00395-MTT-MSH

WASEEM DAKER,

Movant-Appellant,

versus

WARDEN GREGORY MCLAUGHLIN,
Macon State Prison,
TREVONZA BOBBITT,
Tier II Officer, Macon State Prison,
KENDRICK WILKINSON,
Tier II Officer, Macon State Prison,
STEPHEN BOSTICK,
Tier II Counselor, Macon State Prison,
LIEUTENANT DOMINICO DEMUNDO,
Macon State Prison, et al.,

Defendants-Appellees,

TRACY McINTOSH,
Tier II Unit Manager, Macon State Prison, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 8, 2020)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner, appeals *pro se* the denial of his motion to intervene, Fed. R. Civ. P. 24, in a civil-rights action, 42 U.S.C. § 1983, filed by an inmate, Todd Upshaw, at another Georgia prison. Daker argues that the district court erred in ruling that he lacked a sufficient interest in Upshaw's lawsuit and that, under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), he was not entitled to intervene without first paying a filing fee. Because the district court committed no error, we dismiss Daker's appeal.

We have provisional jurisdiction under the "anomalous rule" to review an order denying intervention. *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 214 (11th Cir. 1993) (quotation marks omitted). If the decision was correct, we must dismiss the appeal for lack of jurisdiction. *See id.* If the district court erred, we retain jurisdiction and must reverse. *Id.* We review a denial of a motion to intervene *de novo* and subsidiary findings of fact for clear

2

error. *Tech. Training Assocs. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695 (11th Cir. 2017).

The district court committed no error. Daker moved to intervene *after* the district court had already granted summary judgment in favor of the officials in Upshaw's action, and Daker's complaint alleged different wrongs about different incidents at a different prison. And under our precedent, *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001), Daker was not entitled to circumvent the requirement that he pay a filing fee, 28 U.S.C. § 1915(b), by intervening in another prisoner's lawsuit.

**APPEAL DISMISSED.**