**Ronald R. POST, Plaintiff–Appellant,**

**Ronald D. Combs, Plaintiff,**

v.

**Robert TAFT, Governor, et al., Defendants–Appellees.**

No. 03–3664.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

Ronald R. Post, Mansfield, OH, pro se.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; and RICE, District Judge.*

*ORDER*

Ronald R. Post, an Ohio prisoner proceeding pro se, appeals a district court order dismissing his civil action filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131–34; the Rehabilitation Act (RA), 29 U.S.C. §§ 701–795n; and the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

On October 11, 2002, Post and fellow inmate Ronald D. Combs filed a complaint against Ohio Governor Robert Taft, Jr., Ohio Department of Rehabilitation and Correction (ODRC) Director Reginald A. Wilkinson, ODRC Chief Inspector/ADA Coordinator Cheryl Jorgenson–Martinez, Bureau of Classification Director Bernard Ryznar, Mansfield Correctional Institution (MCI) Warden Margaret A. Bagley–Bradshaw, MCI Administrator ADA Coordinator Robert Riddle, and MCI Unit Manager Jennifer Risinger. The plaintiffs alleged that the defendants discriminated against them because of their alleged medical disabilities and status as death row inmates. The plaintiffs also alleged that the defendants denied them access to the courts.

The district court dismissed the plaintiffs' complaint pursuant to the provisions of 28 U.S.C. § 1915(e). The district court determined that, with the exception of one of Combs's claims, none of the plaintiffs' claims had been exhausted. With respect to the one exhausted claim asserted by Combs, the district court determined that it lacked merit. The plaintiffs' motion for reconsideration or in the alternative motion to alter or amend was subsequently denied. Post has filed a timely appeal. He requests a "stay and injunction, pending final outcome of procedings [sic]" and appointment of counsel. Because Combs did not sign the notice of appeal, he is not considered a party to this appeal. *See* Fed. R.App. P. 3(c); *Talley–Bey v. Knebl,* 168 F.3d 884, 885 (6th Cir.1999).

We review de novo a district court order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915(e). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

Upon review, we conclude that the district court properly dismissed Post's complaint without prejudice for failure to follow the mandatory exhaustion requirement. *See* 42 U.S.C. § 1997e(a); *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999); *Brown,* 139 F.3d at 1104. Post failed to demonstrate that he had exhausted his administrative remedies as to each of the claims asserted against each of the defendants prior to filing suit in federal court. Post's complaint did not discuss exhaustion in any detail, state that exhaustion occurred, or provide any documentary evidence in support of an attempt to administratively exhaust his claims. Although Post alleged that he had filed complaint or grievance forms as

564

to some of his claims, he did not allege that he pursued his complaints or grievances to the highest level of administrative review. Because Post did not exhaust his administrative remedies prior to filing his complaint, his complaint was subject to dismissal. *Freeman,* 196 F.3d at 645.

Accordingly, we deny all pending motions and affirm the district court's order. Rule 34(j)(2)(C). Rules of the Sixth Circuit.